IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–03–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SEAN O'NEAL CARR, | |
| Defendant. | |

Before the Court is Defendant Sean O'Neal Carr's Unopposed Motion for Early Termination of Supervised Release. (Doc. 43.) Mr. Carr was adjudged guilty of felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 34 at 1.) On November 16, 2018, Mr. Carr was sentenced to a term of imprisonment of 21 months with three years of supervised release to follow. (*Id.* at 2–3.) Mr. Carr completed his term of imprisonment on June 24, 2020. (Doc. 44 at 2.) As of December 1, 2022, he completed almost 30 months of his 3-year term of supervised release. (*Id.*) He now seeks termination of the remaining term of supervised release. (Doc. 43.) The United States does not oppose the motion. (*Id.* at 2.) United States Probation Officer Kendall Ridgley does not oppose Mr. Carr's early termination of supervision. (*Id.*)

Under federal law, this Court may:

1

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Carr began his term of supervised release on [] [(Doc. 84 at 2)], rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Carr's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Carr waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Carr's supervised release is obviously favorable to him, and the United States did not object. (Doc. 43.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Carr's remaining term of supervised release. Mr. Carr has maintained his sobriety since the day of his arrest, May 25, 2018. (Doc. 44 at 11.) He obtained gainful employment and has been selected as employee of the month and earned promotions to a supervisory role. (*Id.*) He has complied with all conditions of his supervision. (*Id.*) The letters filed in support of his motion demonstrate that he is a valued employee, he has community support, and he, in turn, provides support and mentorship to others in his workplace who are reentering the community from imprisonment. (Docs. 45-1, 45-2.) The Court agrees with Mr. Carr's counsel that "[t]o say Mr. Carr has turned his life around is an understatement." (Doc. 44 at 10.) The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Carr the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 43) is GRANTED.

IT IS FURTHER ORDERED that Mr. Carr's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 29th day of December, 2022.

                                                                *Dana L. Christensen* (signature)
                                                                Dana L. Christensen, District Judge
                                                                United States District Court